tion of the offense of petit larceny if the prosecuting attorney does not elect to retry.

*Judgment reversed and cause remanded.*

BARNES and HORNBECK, JJ., concur.

BUTLER, APPELLEE, *v.* YOUNGFLESH ET AL., EXRS., APPELLANTS.

(No. 3396—Decided December 23, 1941.)

*Messrs. Burt, Carson & Shadrach, Messrs. Herbruck, Shetler & Roach* and *Mr. Glenn W. Vogelgesang,* for appellee.

*Messrs. Burch & Baird,* for appellants.

WASHBURN, J. This was an action by the plaintiff to recover upon a promissory note which was to become due upon the death of the maker; and the suit was against the executors of the estate of the maker (Ottilie E. Kline).

The only issue of fact tendered by the pleadings was as to whether there was a consideration for the giving of said note.

The jury decided that there was a consideration for

the note and returned a verdict for plaintiff according to the terms of the note, and a judgment was then entered on said verdict.

The case is before this court on appeal on questions of law.

The only errors claimed are that "(1) The verdict of the jury and judgment of the court are against the weight of the evidence and not supported by the evidence; (2) the court allowed certain evidence to be considered by the jury, which evidence was erroneously admitted over the objection of the appellants and to which rulings appellants excepted."

As to the first claimed error:

If the evidence to which objection is made and which was admitted be considered, we are of the opinion from a reading of all of the evidence that the verdict and judgment are not manifestly against the weight of the evidence.

The evidence involved in the second claimed error was given by a witness who, it is claimed, was prohibited from testifying under Section 11495, General Code.

That witness was a sister of the plaintiff, who was also the payee of an identical note issued and delivered at the same time the note sued upon was delivered to plaintiff, and upon which said witness had a suit pending to recover the amount thereof from the same persons as the ones who were defendants in this action.

The great interest of the witness in question is apparent. However, while such interest may properly affect the weight to be given to her testimony, it cannot, in and of itself, be the basis for her disqualification as a witness, unless said statute so provides.

In terms the statute disqualifies a *party*—not a *witness*. In fact, it is not claimed that the disqualification of said witness is *specifically* provided for in said section, but that it comes within the provision contained in the last few lines of said section, which state

that "when a case is plainly within the reason and spirit" of said section, "though not within the strict letter, their principles shall be applied."

That section provides that "A *party* shall not testify" except under certain circumstances enumerated in eight subdivisions. (Italics ours.)

The witness in this case was not a party to the suit —*i. e.,* was not one who had a right to control the proceedings, to make a defense, or to adduce and cross-examine witnesses.

Under said section, the *interest* of a party does not disqualify him. The reason for the statute is not the *interest* of the party; the statute is based upon the fact that, death having closed the mouth of the decedent, the law will close the mouth of his adversary. The "reason and spirit" language of said statute was not, in our judgment, intended to enlarge or diminish the *class of persons* prohibited from testifying, but was intended solely to liberalize and enlarge the exceptions set forth in the eight paragraphs following the first paragraph, which eight paragraphs set forth circumstances under which a *party* may testify notwithstanding his general disqualification by the terms of the first paragraph of the section.

In this case the witness was not a party to this action, and therefore was not prohibited from testifying; and the trial court ruled correctly on that question.

*Judgment affirmed.*

DOYLE, P. J., and STEVENS, J., concur.